UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST CO.,** | : | |
| | : | Case No. 1:07CV0772 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| **BERNARD GARDIER, II,** *et al.*, | : | <u>ORDER</u> |
| | : | |
| **Defendants.** | : | |

Before the Court are a number of procedural issues, apparently resulting from poor communication among the parties, that must be addressed.

On April 13, 2007, the Court entered default in this foreclosure action against defendants Bernard Gardier II, Rhiannon Gardier (collectively "the Gardiers") and Boris Grinberg. On April 23, 2007, Defendant Bernard Gardier, II, *pro se*, filed a *Motion for Leave to File an Answer and Counterclaim*, (Doc. 15).[1] On that same day, Defendant Rhainnon Gardier, also *pro se*, filed a *Motion for Leave to File an Answer and Notice of Disclaimer*, (Doc. 16). On April 25, 2007, apparently unaware of defendants' pending motions due to their paper filing, Deutsche Bank National Trust Company ("Deutsche Bank") filed a *Motion for Default Judgment* (Doc. 11). On May 14, 17, and 22, 2007, prior to a ruling on the Gardiers' pending motion for leave to file an

---

[1] Bernard Gardier, II appears to have refiled his April 23, 2007 *Motion for Leave to File an Answer and Counterclaim*, again on April 27, 2007. (<u>See</u> Doc. 18.) Apparently, Gardier refiled the *Motion for Leave to File an Answer and Counterclaim* because he failed to separate the Answer from the motion in his original filing. For the reasons discussed below this second *Motion for Leave to File an Answer and Counterclaim* is **<u>DENIED as moot.</u>**

answer, Deutsche Bank filed Replies to the Gardiers' counterclaims.[2] (See Docs. 20-22). On May 25, 2007, Gardier filed a *Motion for Leave to File a First Amended Answer and Counterclaim* (Doc. 23). Finally, on May 29, 2007, Deutsche Bank filed a combined *Motion for Default Judgment and Motion for Summary Judgment*. (See Doc. 24.)

The somewhat irregular procedural stance of this matter can be corrected without much difficulty. In their initial filings, the Gardiers explain that they missed their response date because they relied on the advice of their attorney who was negligent. Apparently, upon learning of the default, the Gardiers terminated the services of their attorney and began representing themselves. This explanation comports with the brief period between the entry of default on April 13, 2007 and the Gardiers' filings on April 23, 2007. None of Deutsche Bank's filings offer any opposition to the Gardiers' motions for leave to file an answer. On the contrary, Deutsche Bank's reply to the counterclaims touches only on the merits. As such, and because *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam), the Court will view the Gardiers' filings as motions to set aside the default, and **GRANT** those motions. The default entries against Bernard Gardier II and Rhiannon Gardier, therefore, are **SET ASIDE**. Accordingly, Deutsche Bank's April 25, 2007 *Motion for Default Judgment* (Doc. 11) is **DENIED as moot.**

Finally, Gardier's *Motion for Leave to File a First Amended Answer and Counterclaim* (Doc. 23) is unopposed. For the reasons stated therein, principally because there has been little discovery

---

[2] Each of the first two versions of the Reply contained significant typographical errors that rendered portions of the document illegible. The third document, apparently, is intended to be the corrected Reply.

and the Court has not held a case management conference, that motion is **GRANTED**.[3]

In sum, the default entries against Bernard Gardier, II and Rhiannon Gardier, are **SET ASIDE**. Defendant Rhainnon Gardier's *Motion for Leave to File an Answer and Notice of Disclaimer* (Doc. 15) is **GRANTED.** Defendant Bernard Gardier, II's *Motion for Leave to File an Answer and Counterclaim* (Doc. 16) is **GRANTED.** Deutsche Bank's April 25, 2007 *Motion for Default Judgment* (Doc. 11) is **DENIED as moot.** Gardier's second *Motion for Leave to File an Answer and Counterclaim* (Doc. 18.) is **DENIED as moot.** Gardier's May 25, 2007 unopposed *Motion for Leave to File a First Amended Answer and Counterclaim* (Doc. 23) is **GRANTED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: June 13, 2007**

---

[3] The Court observes that, with respect to Deutsche bank's pending combined *Motion for Default Judgment and Motion for Summary Judgment* (Doc. 24), the foregoing decisions only render that part of the motion seeking a default judgment moot. As to the remainder of the motion, which seeks summary judgment, the Defendants are advised that the motion remains pending and that they are obligated to respond within thirty days of the date of this Order.